IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| SALINAS ACOSTA WEAVER,<br><br>    Plaintiff,<br><br>v.<br><br>MS. THOMAS, assigned by Judge as Representative-Payee, and GEORGIA DEPARTMENT OF LABOR,<br><br>    Defendants. | CIVIL ACTION FILE<br><br>NO. 1:16-CV-04550-WSD-JFK |

## **NON-FINAL REPORT AND RECOMMENDATION**

Pending before the court is its Show Cause Order [Doc. 7] dated January 12, 2017, directing Plaintiff to show cause why Defendants Ms. Thomas and Georgia Department of Labor should not be dismissed for Plaintiff's failure to comply with court orders to complete the USM 285 form and summons for each of the above-named Defendants and to return said forms to the Clerk of Court in order for service of process to be perfected by the U.S. Marshal Service. [Docs. 2 and 7]. Plaintiff was warned that failure to comply with the orders could result in dismissal of the complaint. [Id.]. The docket reflects that the forms sent to Plaintiff by the Clerk have not been returned to the Court as undeliverable; nonetheless, Plaintiff has not complied as ordered.

Local Rule 41.3A(2), N.D. Ga., provides in pertinent part that "[t]he court may, with or without notice to the parties, dismiss a civil case . . . if . . . (2) A plaintiff . . . shall, after notice, . . . fail or refuse to obey a lawful order of the court in the case. . . ."[1]  The federal rules also provide for involuntary dismissal: "The district court may dismiss an action *sua sponte* under Fed. R. Civ. P. 41(b) for failure to prosecute or failure to obey a court order." Heard v. Nix, 170 Fed. Appx. 618, 619 (11th Cir. 2006); see also McIntosh v. Gauthier, 182 Fed. Appx. 884, 886 (11th Cir. 2006) (stating that Rule 41(b) allows a court to dismiss a complaint for failure to comply with a court order, with the federal rules or with the local rules); Sussman v. Salem, Saxon and Nielsen, P.A., 154 F.R.D. 294, 299 (M.D. Fla. 1994) (dismissal of an action pursuant to Rule 41(b) is appropriate "when a litigant has failed to obey a direct order of the court").  In Heard, the Eleventh Circuit Court of Appeals stated:

> [t]he legal standard to be applied under Rule 41(b) is whether there is a clear record of delay or willful contempt and a finding that lesser sanctions would not suffice.  Dismissal of a case with prejudice is considered a sanction of last resort, applicable only in extreme circumstances.

---

[1]Local Rule 41.3B, N.D. Ga., provides in pertinent part, that: "In accordance with Fed. R. Civ. P. 41(b), a dismissal . . . operates as an adjudication upon the merits of the action unless the court specifies otherwise in its order of dismissal."

170 Fed. Appx. at 619 (citations and internal quotation marks omitted). However, the circuit court noted, "We have upheld an involuntary dismissal with prejudice under Rule 41(b) when a *pro se* appellant not only exhibited a pattern of delay, but also received a warning of dismissal and refused to obey court orders to appear." Id. (citations and internal quotation marks omitted); see also Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989) ("While dismissal is an extraordinary remedy, dismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion.").

In this case, Plaintiff Weaver has not only exhibited a pattern of delay but, after receiving additional time to provide the necessary paperwork for service of the above-named Defendants and being issued a warning of dismissal, has refused to obey the court's lawful order. Plaintiff has not complied with the order to show cause, and Plaintiff has not submitted the service forms. Dismissal of this action is, therefore, warranted.

For these reasons, the court **RECOMMENDS** that Defendants Ms. Thomas and Georgia Department of Labor be **DISMISSED WITHOUT PREJUDICE**.[2]

---

[2] Due to her *pro se* status, the court is not recommending dismissal with prejudice.

AO 72A
(Rev.8/82)

**SO RECOMMENDED**, this 2nd day of February, 2017.

_____
JANET F. KING
UNITED STATES MAGISTRATE JUDGE