IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

SALINAS ACOSTA WEAVER,

      Plaintiff,

  v.

U.S. SOCIAL SECURITY
ADMINISTRATION,

      Defendant.

CIVIL ACTION FILE NO.

1:16-CV-4550-WSD-JFK

## FINAL REPORT AND RECOMMENDATION

Pending before the court is its Show Cause Order [Doc. 11] dated June 13, 2017, directing Plaintiff to show cause why this case should not be dismissed for failure to prosecute. Plaintiff's written response was due June 30, 2017, and no response is filed.

As noted in the June 13, 2017, Show Cause Order [Doc. 11], Plaintiff appears to have abandoned this cause of action. The complaint, filed on December 13, 2016, was served on Defendant U.S. Social Security Administration by the Clerk of Court on December 15, 2017, making Defendant's answer due on March 27, 2017. [Docs. 2, 5, 6]. While Defendant has not answered the complaint, the docket reflects that

Plaintiff Weaver has not taken any steps to prosecute her case since obtaining *in forma pauperis* status on December 13, 2016.

Moreover, as previously observed, Plaintiff failed to comply with an order of the court to prepare and return summons and USM 285 forms for the other named defendants and failed to show cause why she had not complied with the order of the court resulting in a report and recommendation that those defendants be dismissed without prejudice. [Docs. 2, 4, 7, 8]. The district court adopted that recommendation and dismissed those named defendants without prejudice. [Doc. 10].

Dismissal of an action is permitted under Fed. R. Civ. P. 41(b) for failure to prosecute.[1] And Local Rule 41.3 provides, in pertinent part, that the court may, with or without notice to the parties, dismiss a civil case for want of prosecution if "(3) A case has been pending in this court for more than six (6) months without any substantial proceedings of record, as shown by the record docket or other manner, having been taken in the case." LR 41.3(C), N.D. Ga. More than 180 days have

---

[1] Fed. R. Civ. P. 41(b) (as amended 2007) provides in pertinent part: "If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) . . . operates as an adjudication on the merits."

2

elapsed since Plaintiff filed the instant complaint, and the docket record does not reflect that Plaintiff is actively trying to prosecute this action.

Finally, in the Court's June 13, 2017, Show Cause Order [Doc. 11], Plaintiff Weaver was expressly cautioned that failure to show cause and comply with the aforementioned order would result in a recommendation to the District Court that the complaint be dismissed without prejudice.  [Doc. 11 at 3].

Here,  Plaintiff Weaver has continued to exhibit a pattern of delay and has taken no steps to advance her case.  Plaintiff Weaver has disregarded the Court's warnings that failure to prosecute this action would result in recommendation that the complaint be dismissed and has *twice* refused to obey the court's lawful order directing her to show cause. [Docs. 7, 11].  Dismissal of this action is, therefore, warranted.  See Heard v. Nix, 170 Fed. Appx. 618, 619 (11th Cir. 2006); see also McIntosh v. Gauthier, 182 Fed. Appx. 884, 886 (11th Cir. 2006) (stating that Rule 41(b) allows a court to dismiss a complaint for failure to comply with a court order, with the federal rules or with the local rules); and see Sussman v. Salem, Saxon and Nielsen, P.A., 154 F.R.D. 294, 299 (M.D. Fla. 1994) (dismissal of an action pursuant to Rule 41(b) is appropriate "when a litigant has failed to obey a direct order of the court").

For these reasons, the court **RESPECTFULLY RECOMMENDS** that Plaintiff's complaint be **DISMISSED WITHOUT PREJUDICE**.[2]

All pretrial matters have been concluded with the issuance of this Report and Recommendation in accordance with 28 U.S.C. § 636(b)(1), this Court's Local Rule 72.1, and Standing Order 14-01 (N.D. Ga. August 15, 2014).  The Clerk, therefore, is **DIRECTED** to terminate the reference to the Magistrate Judge.

**SO RECOMMENDED**, this 3rd day of July, 2017.

JANET F. KING
UNITED STATES MAGISTRATE JUDGE

---

[2]Due to her *pro se* status, the court is not recommending dismissal with prejudice.

4